IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRON LASHAWN COLLIER, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-02208-C (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Darron Lashawn Collier, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Collier's petition.

I.

On September 11, 2017, Collier pleaded guilty in the 422nd District Court in Kaufman County, Texas, to possession of 4 to 200 grams of cocaine with the intent to deliver. State Hab. Ct. R.-02 at 7-21. He also pleaded true to two punishment enhancement paragraphs alleging prior felony convictions for robbery and possession of a controlled substance. *Id.* Consistent with the terms of his plea agreement, the trial court sentenced him to 18 years in prison. *Id.* Thereafter, Collier filed a state habeas application challenging his conviction, which the Texas Court of Criminal Appeals (CCA) denied without a written order based on the

findings of the trial court. *Id.* 40. "Action Taken" page. Collier then filed his § 2254

petition (ECF No. 3) in this court.

II.

In his petition, Collier claims:

1.    Police officers conducted a warrantless search of his home in violation of the Fourth Amendment;

2.    The prosecution discriminated against him based on race in violation of the Fourth and Fourteenth Amendments;

3.    He did not waive his right to challenge the constitutionality of the statute of his conviction when he pleaded guilty; and

4.    His attorney provided ineffective assistance of counsel by:
      a.  lying;
      b.  failing to file a motion for discovery;
      c.  failing to file a motion to suppress or any other motion;
      d.  coercing him into pleading guilty under duress; and
      e.  colluding with the prosecution.

## A. First & Third Claims

In his first claim, Collier argues that police officers violated his Fourth

Amendment rights by seizing evidence to use against him during a warrantless

search of his home. Pet. 6 (ECF No. 3); Reply 12-16 (ECF No. 33). And in his third

claim, Collier argues that he did not—by pleading guilty—waive his right to argue

"the statute of conviction was unconstitutional, without a valid warrant." Pet. 7

(ECF No. 3). These claims fail because they are not cognizable, meritless, and fail

to overcome the deferential standard of review of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

Collier's Fourth Amendment claims are not cognizable on federal habeas review because he had the opportunity to raise such claims before the trial court, on appeal, and on state habeas review. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.") (footnotes omitted). Furthermore, Collier waived his Fourth Amendment claims when he pleaded guilty. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) ("[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived.") (citing *Barrientos v. United States*, 688 F.2d 838, 842 (5th Cir. 1982)). Consequently, Collier's first and third claims fail because they are not cognizable on federal habeas review.

The State habeas court found that Collier's first claim was waived by his guilty plea. State Hab. Ct. R. -02 at 15-16, 113, 122, 124-26. When a defendant enters a knowing, intelligent, and voluntary guilty plea, he waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013). To the extent that Collier attempts to avoid this waiver by arguing in his third claim that he did not waive the right to argue the statute of conviction was

3

unconstitutional without a valid warrant, Pet. 7 (ECF No. 3), his claim is conclusory and lacks the necessary legal or factual support.[1] Under Rule 2(c) of the Rules Governing § 2254 Cases, a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Habeas Corpus Rule 2(c). Conclusory and speculative allegations are insufficient to entitle a petitioner to relief under § 2254. *West v. Johnson*, 92 F.3d 1385, 1398-99 (5th Cir. 1996); *see also Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Collier's first and third claim are meritless.

Even if Collier's Fourth Amendment claims were cognizable and not waived, he has failed to demonstrate that the state court's rejection of those claims was unreasonable. The AEDPA, 28 U.S.C. § 2254, provides:

---

[1] Collier does not argue that the statute itself is unconstitutional.

(d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

28 U. S. C. § 2254(d)(1). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.* Collier has failed to show the state court's rejection of his Fourth Amendment claims was unreasonable. Therefore, his first and third claims should fail.

## B. Second Claim

In his second claim, Collier argues that the State violated his Fourth and Fourteenth Amendment rights when the prosecution discriminated against him based on race. Pet. 6 (ECF No. 3). As discussed below, Collier's second claim is

unexhausted and procedurally barred because it was not raised before the CCA—and if he tried to bring it now, his claim would be barred as an abuse of the writ.

Before a state prisoner seeks a federal writ of habeas corpus, he must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1)(A). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973)). In Texas, a petitioner can exhaust his state remedies by pursuing one of two avenues: (1) he can present his claims to the Texas CCA in a petition for discretionary review; or (2) he can file an application for writ of habeas corpus in the Texas CCA. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). The CCA will consider additional claims it receives in an amended or supplemental pleading filed before it rules on an application, so long as the pleadings comply with applicable statutes and rules. *Ex parte Speckman*, 537 S.W.3d 49, 55 n.9 (Tex. Crim. App. 2017); *see also Ex parte Saenz*, 491 S.W.3d 819, 824-25 (Tex. Crim. App. 2016). Additional claims or evidence filed solely with the CCA, and not the convicting court, fail to comply with the statute. *Ex parte Whisenant*, 443 S.W.3d 930, 932-33 (Tex. Crim. App. 2014). A claim is deemed unexhausted if a petitioner has the right under state law to raise it through any available procedure offered by the state and fails to do so. 28 U.S.C. § 2254(c). Exhaustion can be excused only when a petitioner can demonstrate "exceptional circumstances of peculiar urgency." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.

1993). Federal courts dismiss without prejudice a federal habeas petition when the grounds contained therein have not been exhausted. *See Rose*, 455 U.S. at 510.

Here, Collier did not raise his second claim in his state habeas application or motion to supplement. State Hab. Ct. R.-02 at 67-68. He did argue racial bias and mentioned equal protection in a letter he sent to the CCA on July 8, 2018, but this was after the trial court entered its findings and forwarded the application and only ten days before the CCA denied his application. State Hab. Ct. R.-02 Doc. 7-11-2018; State Hab. Ct. R.-02 at cover, 128; State Hab. Ct. R. at "Action Taken" page. When Collier attempted to raise racial discrimination, the trial court had fulfilled its duties, and the matter had already been pending before the CCA for about two weeks. Consequently, for purposes of exhaustion, Collier failed to present his claims fully and fairly by raising them before the CCA in a manner that would allow for its consideration. Accordingly, Collier's second claim was not fairly presented and is unexhausted. *See Andrews v. Stephens*, 2014 WL 1293821, at \*8 (N.D. Tex. Mar. 28, 2014) (noting that the petitioner's closing argument claim was not submitted in the state habeas petition, the closing argument claim was first presented to the CCA, and ultimately finding the closing argument claim was unexhausted and procedurally barred).

Moreover, because Collier would be cited for abuse of the writ if he presented his second claim in another application for a writ of state habeas corpus, this claim is now procedurally barred. *See Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding the petitioner procedurally defaulted his claim by failing to present

7

it to the state courts in his state habeas corpus application); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (holding the unexhausted claim was procedurally barred); *see also* Tex. Code Crim. Proc. art. 11.07 § 4(a) (contains the abuse of writ doctrine). To overcome the procedural bar for failure to exhaust state remedies, a petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In this context, a miscarriage of justice means that the petitioner is actually innocent of the crime for which he was convicted. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992).

If Collier were to return to state court to exhaust at this time, he would be barred from raising his second claim. *See Neville v. Drekte*, 423 F.3d 474, 480 (5th Cir. 2005) (stating that "[e]xcept under extraordinary circumstances, Texas law does not permit successive petitions."). Texas law forbids second or successive applications for post-conviction relief if the claims could have been, but were not, raised in a prior state writ unless "no rational juror could have found the applicant guilty beyond a reasonable doubt." Tex. Code Crim. Proc. art. 11.07 § 4(a)(2). Collier's second claim is procedurally barred from federal habeas corpus review, and it should therefore be dismissed with prejudice.

## C. Fourth Claim

Collier argues in his fourth claim that his attorney provided ineffective assistance of counsel by (1) lying; (2) failing to file a motion for discovery; (3)

failing to file a motion to suppress or any other motion; (4) coercing him to plead guilty under duress; and (5) colluding with the prosecution. Pet. 7 (ECF No. 3); Reply 16-18 (ECF No. 33).

A federal court will uphold a guilty plea challenged in a federal habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "The critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.'" *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (quoting *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991)). Assessing whether a guilty plea was valid is a question of law, but historical facts are entitled to a presumption of correctness. *See Parke v. Raley*, 506 U.S. 20, 35 (1992) (citing *Marshall v. Lonberger*, 459 U.S. 422, 431 (1983)); *see also United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) (citing *United States v. Amaya*, 111 F.3d 386, 388 (5th Cir. 1997)). The issue before a court when a petitioner claims his plea was not knowing and voluntary is whether the denial of relief by the state court was contrary to, or an unreasonable application of, federal law. *See Hill v. Johnson*, 210

F.3d 481, 485 (5th Cir. 2000); *see also* 28 U.S.C. § 2254(d)(1). A voluntary plea waives all non-jurisdictional defects, including claims of ineffective assistance of counsel, so long as the ineffectiveness is not alleged to have rendered the guilty plea involuntary. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

For a petitioner to succeed on an ineffective assistance claim in the context of a guilty plea, he must demonstrate that his plea was unknowing or involuntary by showing: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *see also Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). When evaluating the reasonableness of counsel's representation, "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 690). The burden of showing ineffective assistance of counsel is on the petitioner to show by a preponderance of the evidence. *See Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994).

Here, the ineffective assistance of counsel claims Collier raises appear to be the same ones he raised in his state habeas court application, and for the same reasons identified by the state habeas court, the claims are meritless. The state habeas court found:

5. [Collier] was represented at trial by the Honorable J. Daniel Oliphant ("Oliphant").

6. Oliphant has provided an affidavit in response to the Writ, dated May 23, 2018 ("Oliphant's Affidavit").

7. At the time of [Collier]'s trial, Oliphant was an experienced criminal defense lawyer, with approximately twenty years' experience. Oliphant's Affidavit at 1.

8. At the time of [Collier]'s trial, Oliphant had represented parties in drug cases, including those that involved search warrants, on numerous instances. Oliphant's Affidavit at 1.

9. At the time of [Collier]'s trial, Oliphant's experience in drug cases included trials, pleas, researching search warrants, and reviewing case law concerning search warrants. Oliphant's Affidavit at 1.

10. Oliphant's Affidavit is credible.

11. The statements made in Oliphant's Affidavit are credible and true.

### Ground One: Ineffective Assistance of Trial Counsel

### Claim (a)

12. [Collier] claims his trial counsel was ineffective for failing to file any of the motions [Collier] asked him to file. Writ at 6.

13. [Collier] does not specify which motions he is referring to or why any particular motion was needed in this case.

14. [Collier] does not provide any evidence that he requested Oliphant to file any motions that Oliphant did not file.

15. For this general allegation, [Collier] has failed to meet his burden of pleading and proving facts that would entitle him to relief. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985) (burden is on the applicant to plead true facts that would entitle him to relief; conclusory assertions are insufficient); *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000) (applicant not entitled to relief where he did not allege specific facts to support his claims); *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988) (applicant's sworn allegations alone are not sufficient to prove his claims).

16. Further, in his affidavit, Oliphant states, "I never refused to file any Motions on behalf of Mr. Collier." Oliphant's Affidavit at 2.

17. Specifically concerning a motion to suppress, Oliphant states that he discussed that motion with [Collier] and that [Collier] informed him of his belief that filing a motion to suppress would be useless. Oliphant's Affidavit at 2.

18. Oliphant's statements are credible and true.

19. Oliphant did not refuse to file any motion on behalf of [Collier].

20. [Collier] believed a motion to suppress would be useless.

21. Since [Collier] believed a motion to suppress would be useless, he did not ask Oliphant to file a motion to suppress.

22. [Collier] has the burden of proving both the deficiency and the prejudice prong of *Strickland* by a preponderance of the evidence. *See Strickland*, 466 U.S. at 687-96; *Tong*, 25 S.W.3d at 712 ("Appellant must prove both prongs of *Strickland* by a preponderance of the evidence in order to prevail.").

23. [Collier] has not established that any particular motion would have been granted.

24. [Collier] has not established that his trial counsel was ineffective for failing to file any particular motion. *See Roberson v. State*, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993) (unless there is a showing that a motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion).

### Claim (b)

25. [Collier] claims his trial counsel was ineffective for failing to challenge the legality of the search and seizure of the drugs on the ground that no affidavit was attached to the search warrant. Writ at 6.

26. For a search to be valid, Texas law does not require that a copy of the affidavit be given to the owner of the premises to be searched, so long as the search warrant clearly incorporates the affidavit and the affidavit provides the necessary particularity. *Greene v. State*, 358 S.W.3d 752, 758 (Tex. App. –Fort Worth 2011).

27. [Collier] has not alleged any facts or provided any evidence to establish that his case does not fall within the general rule that the search warrant affidavit was not required to be given to him.

28. For this claim, [Collier] has failed to meet his burden of pleading and proving facts that would entitle him to relief. *Ex parte Maldonado*, 688 S.W.2d at 116 (burden is on the applicant to plead true facts that would entitle him to relief; conclusory assertions are insufficient); *Ex parte McPherson*, 32 S.W.3d at 861 (applicant not entitled to relief where he did not allege specific facts to support his claims); *Ex parte Empey*, 757 S.W.2d at 775 (applicant's sworn allegations alone are not sufficient to prove his claims).

29. [Collier] has not established that Oliphant would have prevailed on a motion to suppress on the ground that no affidavit was attached to the search warrant.

30. [Collier] has not established that Oliphant was ineffective for failing to file a motion to suppress on the ground that no affidavit was attached to the search warrant. *See Robertson*, 852 S.W.2d at 510-12 (unless there is a showing that a motion has merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion).

### Claim (c)

31. [Collier] claims his trial counsel was ineffective for failing to challenge the legality of the search and seizure of the drugs on the ground that the judge's signature on the search warrant was forged. Writ at 6.

32. [Collier] has not alleged any facts or provided any evidence to establish that the judge's signature was forged.

33. For this claim, [Collier] has failed to meet his burden of pleading and proving facts that would entitle him to relief. *Ex parte Maldonado*, 688 S.W.2d at 116 (burden is on the applicant to plead true facts that would entitle him to relief; conclusory assertions are insufficient); *Ex parte McPherson*, 32 S.W.3d at 861 (applicant not entitled to relief where he did not allege specific facts to support his claims); *Ex parte Empey*, 757 S.W.2d at 775 (applicant's sworn allegations alone are not sufficient to prove his claims).

34. It was this Court's (Judge Chitty's) signature on the search warrant. Oliphant's Affidavit at 1.

35. Based on its own recollection of the facts, this Court concludes that its signature on the search warrant was not forged.

14

36. Oliphant knew prior to [Collier]'s plea that the signature was not forged.

37. In his affidavit, Oliphant states that he has witnessed Judge Chitty sign documents and that the signature in the search warrant matched all the signatures Oliphant has witnessed Judge Chitty sign in the past. Oliphant's Affidavit at 1.

38. Additionally, Oliphant was able to obtain a copy of the search warrant from this Court's court coordinator. Oliphant's Affidavit at 1. And the court coordinator would not have a copy of the search warrant if Judge Chitty had not signed the warrant.

39. Finally, contrary to [Collier]'s bare assertion, Oliphant states that he never told [Collier] or his family that he believed the search warrant and/or probable cause affidavit were forged. Oliphant's Affidavit at 1.

40. All of Oliphant's statements are credible and true.

41. Oliphant's statements further establish that the judge's signature on the search warrant was not forged.

42. Oliphant would not have prevailed on a motion to suppress based on the ground that the judge's signature on the search warrant was forged.

43. Therefore, Oliphant was not ineffective for failing to file a motion to suppress based on the ground that the judge's signature on the search warrant was forged. *See Roberson*, 852 S.W.2d at 510-12 (unless there is a showing that a motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion).

### *Claim (d)*

44. [Collier] claims his trial counsel was ineffective for providing erroneous advice to [Collier]'s mother and family, specifically that Kaufman County courts would

find [Collier] guilty and sentence him to forty years to life in prison. Writ at 6.

45. [Collier] does not provide an affidavit from his mother or family—or any other evidence—to establish what Oliphant advised them.

46. [Collier] does not provide any evidence as to how Kaufman County courts typically rule or their typical sentence in his type of case.

47. [Collier] has not established that advice concerning a guilty verdict and a forty-year sentence would have been erroneous.

48. [Collier] has not pleaded and proved facts to support this claim, so [Collier] has not met his burden of establishing that Oliphant was deficient. *Ex parte Maldonado*, 688 S.W.2d at 116 (burden is on the applicant to plead true facts that would entitle him to relief; conclusory assertions are insufficient); *Ex parte McPherson*, 32 S.W.3d at 861 (applicant not entitled to relief where he did not allege specific facts to support his claims); *Ex parte Empey*; 757 S.W.2d at 775 (applicant's sworn allegations alone are not sufficient to prove his claims).

49. [Collier] does not claim that but for the claimed advice he would not have pleaded guilty but would have insisted on going to trial.

50. [Collier] has failed to meet his burden of proving the deficiency and harm prong of *Strickland* for this claim.

### *Claim (e)*

51. [Collier] claims his trial counsel was ineffective for failing to challenge the legality of the search and seizure of the drugs on the ground that the search warrant was based on hearsay of the officers. Writ at 6.

52. [Collier] does not specify what part of the search warrant affidavit he is referring to.

16

53. For this claim, [Collier] has failed to meet his burden of pleading and proving facts that would entitle him to relief. *Ex parte Maldonado*, 688 S.W.2d at 116 (burden is on the applicant to plead true facts that would entitle him to relief; conclusory assertions are insufficient); *Ex parte McPherson*, 32 S.W.3d at 861 (applicant not entitled to relief where he did not allege specific facts to support his claims); *Ex parte Empey*, 757 S.W.2d at 775 (applicant's sworn allegations alone are not sufficient to prove his claims).

54. A search warrant affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant so long as there is a substantial basis for crediting the hearsay. *Polanco v. State*, 475 S.W.2d 763, 765 (Tex. Crim. App. 1971).

55. [Collier] has not established that the search warrant affidavit in this case improperly relied on hearsay.

56. [Collier] has not established that Oliphant would have prevailed on a motion to suppress on the ground that the search warrant was based on hearsay.

57. [Collier] has not established that Oliphant was ineffective for failing to file such a motion. *See Roberson*, 852 S.W.2d at 510-12 (unless there is a showing that a motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion).

### Claim (f)

58. [Collier] claims his trial counsel was ineffective for failing to investigate or argue that the drugs found were for personal use only and that [Collier] did not possess the drugs with the intent to deliver. Writ at 7.

59. In his affidavit, Oliphant states that he discussed with the prosecutor that [Collier] was a drug user and possessed the drugs merely for personal use. Oliphant's Affidavit at 2.

60. Oliphant's statement is credible and true.

61. Oliphant's [sic] did investigate and argue that the drugs found were for personal use only and that [Collier] did not possess the drugs with the intent to deliver.

62. Oliphant was not deficient where he did in fact do what [Collier] faults him for not doing.

63. [Collier] does not claim that but for Oliphant failing to investigate or argue that the drugs found were for personal use only and that [Collier] did not possess the drugs with the intent to deliver, he would not have pleaded guilty but would have insisted on going to trial.

64. [Collier] has failed to meet his burden of proving the deficiency and harm prong of *Strickland* for this claim.

### Claim (g)

65. [Collier] claims his trial counsel was ineffective for coercing him into pleading guilty to possessing the same drugs that his common-law wife Fanta Jones had pleaded guilty to possessing. Writ at 7.

66. [Collier] does not specify in what ways Oliphant "coerced" him into pleading guilty.

67. For this claim, [Collier] has failed to meet his burden of pleading and proving facts that would entitle him to relief. *Ex parte Maldonado*, 688 S.W.2d at 116 (burden is on the applicant to plead true facts that would entitle him to relief; conclusory assertions are insufficient); *Ex parte McPherson*, 32 S.W.3d at 861 (applicant not entitled to relief where he did not allege specific facts to support his claims); *Ex parte Empey*, 757 S.W.2d at 775 (applicant's sworn allegations alone are insufficient to prove his claims).

68. In his affidavit, Oliphant states, "I never coerced Mr. Collier to accept the plea bargain or threatened to

withdraw if he did not accept the State's offer." Oliphant's Affidavit at 2-3.

69. Oliphant also states that, prior to [Collier]'s plea, he explained the legal concept of "joint possession" that allows two or more people to be in possession of a controlled substance. Oliphant's Affidavit at 2.

70. Oliphant also states that he explained to [Collier] that he had been charged with possession with the intent to deliver due to the large amount of controlled substances found in his house, the fact that a large portion of the drugs were packaged in small individual baggies indicative of selling, and the fact that the police had found a large amount of cash in his house. Oliphant's Affidavit at 2.

71. Oliphant also states that he explained to [Collier] that at a trial the police would likely be allowed to testify about [Collier]'s involvement in the drug trade. Oliphant's Affidavit at 2.

72. Oliphant also states that he explained to [Collier] his options of pleading not guilty to a jury or the court, pleading guilty to a jury or the court, and entering into a plea agreement. Oliphant's Affidavit. 2.

73. Oliphant also states that he explained to [Collier] that, with his two punishment enhancements, the punishment ranges for both the offense of possession with the intent to deliver 4 to 400 grams of a controlled substance and the offense of possession of a 4 to 200 grams of a controlled substance was 25 to 99 years or life. Oliphant's Affidavit at 2.

74. Oliphant's statements in his affidavit are credible and true.

75. Oliphant did not coerce [Collier] into entering into pleading guilty.

76. Oliphant provided [Collier] with reasonable and accurate legal advice concerning the charges against him and his trial and plea alternatives.

77. The State's 18-year plea bargain offer was below the minimum 25-year punishment. Oliphant's Affidavit at 2.

78. [Collier] has not established that, but for advice he received from Oliphant, he would have declined that below-punishment-range office and insisted on going to trial.

79. [Collier] has not met his burden of proving the deficiency and harm prongs of *Strickland* for this claim.

### Claim (h)

80. [Collier] claims his trial counsel was ineffective for failing to challenge the legality of the search and seizure of the drugs on the ground that the same judge who issued the search warrant also tried his case. Writ at 7.

81. The mere fact that the same judge signed a defendant's search or arrest warrant and then presided in subsequent criminal proceedings does not establish bias. *Kemp v. State*, 846 s.W.2d 289, 306 (Tex. Crim. App. 1992); *Diaz v. State*, 380 S.W.3d 309, 312 (Tex. App. –Fort Worth 2012, pet. ref'd).

82. [Collier] has not established that his trial counsel would have prevailed on a motion to suppress on the ground that the same judge who issued the search warrant also tried his case.

83. [Collier] has not established that Oliphant was ineffective for failing to file such a motion. *See Roberson*, 852 S.W.2d at 510-12 (unless there is a showing that a motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion).

84. For all of his grounds of ineffective assistance of counsel, applicant has failed to meet his burden of

> establishing both the deficiency prong and the prejudice
> prong of *Strickland*.

State Hab. Ct. R. -02 at "Action Taken" 114-24. Consistent with these findings, the state habeas court concluded that Collier failed to meet his burden of showing ineffective assistance of counsel. *Id.* 127 ("For all of Applicant's claims of ineffective assistance of trial counsel, Applicant has failed to meet his burden of showing that his trial counsel was deficient.").

A state court's credibility determinations are entitled to a presumption of correctness unless the petitioner comes forward with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A federal habeas court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 576 U.S. 305, 313-14 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). "[C]redibility determinations made on the basis of conflicting evidence are entitled to a presumption of correctness and are 'virtually unreviewable' by the federal courts." *Pipen v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) (quoting *Moore v. Johnson*, 194 F.3d 586, 605 (5th Cir. 1999). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." *Brumfield*, 576 U.S. at 314.

Here, Collier has failed to allege any specific facts showing the state habeas court's factual findings regarding the ineffective assistance of counsel claims were erroneous. He has also failed to present any evidence demonstrating that the state

habeas court's factual findings were erroneous. Consequently, Collier has failed to overcome the AEDPA's deferential standard of review because he has failed to demonstrate that the state court's rejection of his fourth claim was contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court. Accordingly, Collier's fourth claim should be dismissed with prejudice.

III.

For the foregoing reasons, the Court should DISMISS Collier's § 2254 petition with prejudice.

Signed April 7, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).